IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA   )
                           )
                           )
        v.                 )      1:16cr306
                           )
                           )
CALEB LYNN KING            )

## MEMORANDUM OPINION AND ORDER

A federal grand jury for this district indicted the defendant for receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) & (b)(1), as well as for accessing with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2). (Docket Entry 1.) The case thereafter came before the Court for a hearing on an oral motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(A). (See Docket Entry dated Sept. 28, 2016.)[1] At the end of the hearing, the Court orally ordered the defendant's detention because clear and convincing evidence established that no available release conditions would reasonably assure the safety of the community. (See id.) The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

---

[1] Because they fall within Chapter 110 of Title 18, the offenses charged in this case (both of which carry potential punishments in excess of one year in prison, see 18 U.S.C. § 2252A(b)(1) & (2)) constitute crimes of violence for purposes of Section 3142(f)(1)(A). See 18 U.S.C. § 3156(a)(4)(C).

BACKGROUND

United States Probation Officers prepared and amended a report regarding the defendant's history, residence, family ties, employment, financial resources, health (including as to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review that (amended) report before the detention hearing. The defendant conceded the accuracy of the factual information in the (amended) report, with certain clarifications regarding his substance abuse history, and was "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise," 18 U.S.C. § 3142(f). In that regard, the defendant (through counsel) presented a release plan and cross-examined the law enforcement officer called by the United States.

DISCUSSION

Given the nature of one of the charges in this case, "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community," 18 U.S.C. § 3142(e)(3).[2]  "[T]he presumption

---

[2] A federal grand jury indicted the defendant for violating 18 U.S.C. § 2252A(a)(2)(A). (See Docket Entry 1.) A finding of probable cause to believe a defendant committed such offense triggers the cited presumption of detention. See 18 U.S.C. § 3142(e)(3)(E) (indicating presumption applies to "an offense involving a minor victim under section . . . 2252A(a)(2)"). "[T]he
(continued...)

-2-

operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985) (emphasis omitted).[3]

"Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.' The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive

---

[2](...continued)
appeals courts that have addressed this issue have uniformly concluded that the judicial officer may rely on a grand jury indictment to establish probable cause for the purpose of triggering the rebuttable presumptions in section 3142(e)." United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986) (citing and joining position of United States Courts of Appeals for the Second, Sixth, Seventh, and Eleventh Circuits); accord United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996); United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986). District courts in this Circuit uniformly follow the same rule. See, e.g., United States v. Glover, No. 5:10-cr-258-F-5, 2010 WL 3245526, at *1 (E.D.N.C. Aug. 17, 2010); United States v. Boyd, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007). Moreover, as detailed below, the evidence at the hearing confirmed the existence of probable cause.

[3] Numerous courts have held that "section 3142(e)(3)'s presumption in favor of detention imposes only a 'burden of production' on the defendant." United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (citing as examples decisions from the Second and Seventh Circuits); accord United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991); United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989); United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986); United States v. Hill, No. 1:06cr82-1, 2007 WL 547611, at *1 (N.D. W. Va. Feb. 16, 2007).

judgment that particular classes of offenders should ordinarily be detained prior to trial." United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (citation omitted) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)); accord United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991); United States v. Hare, 873 F.2d 796, 798-99 (5th Cir. 1989); United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).[4]

In resolving the issue of release or detention, the Court has considered, along with the statutory presumption, the following statutorily prescribed factors: "(1) the nature and circumstances of the offense[s] charged, including whether the offense[s are] a crime of violence . . . or involve[] a minor victim. . .; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g). Based on the record before it, the Court makes the following findings of fact and/or conclusions of law:

---

[4] Courts in this Circuit also have taken that position. See, e.g., United States v. Jinwright, No. 3:09cr67, 2010 WL 2926084, at *1 (W.D.N.C. July 23, 2010); United States v. Moore, No. 2:09cr222-41, 2010 WL 1006205, at *2 (S.D. W. Va. Mar. 16, 2010); Hill, 2007 WL 547611, at *1.

-4-

1) as reflected by the above-discussed presumption of detention, the applicable penalties, and the language of the Bail Reform Act, the offenses charged against the defendant are serious in nature and involved circumstances (detailed below) that endangered the community, see, e.g., United States v. Morace, 594 F.3d 340, 350 (4th Cir. 2010) (observing that Congress has made clear its "view that child pornography crimes are serious offenses" (internal quotation marks and brackets omitted)); United States v. Goff, 501 F.3d 250, 258-59 (3d Cir. 2007) (explaining that "[c]hildren are exploited, molested, and raped" and thus suffer "injuries and the taking of their innocence" due to the market for child pornography, and rejecting the defense's effort "to downplay the nature and seriousness of his crime . . . [by] implying that his was a victimless crime because viewing the pornography was 'a solitary, private activity of short duration driven by [his] curiosity'"); United States v. Melquizo, 824 F.2d 370, 371 (5th Cir. 1987) ("We find that a possible sentence of ten years is also sufficient indication that the offense is serious."); United States v. Church, 701 F. Supp. 2d 814, 820-22 (W.D. Va. 2010) (cataloging grievous harms caused by child pornography offenses); 18 U.S.C. §§ 2252A(b)(1) (imposing minimum sentence of five years' imprisonment and maximum sentence of twenty years' imprisonment for violations of Section 2252A(a)(2)), 2252A(b)(2) (imposing maximum sentence of ten years' imprisonment, or if the child pornography "involved a prepubescent minor or a minor who had not attained 12

years of age," a maximum sentence of twenty years' imprisonment, for violations of Section 2252A(a)(5)), 3142(g)(1) (identifying issue of "whether the offense[s are] a crime of violence . . . or involve[] a minor victim" as significant to assessment of risks relevant to detention decision), 3156(a)(4)(C) (defining "'crime of violence'" as used in Section 3142 as including Section 2252A offenses);

    2) the weight of the evidence against the defendant is overwhelming[5] in that:

        A) on February 20, 2015, FBI agents in Lenoir, North Carolina seized a computer server hosting "Playpen," a child pornography website operating on the Dark Web;

        B) accessible only through use of a TOR browser, the Dark Web enables individuals to access online materials in an anonymous fashion;[6]

---

[5] The defendant challenges the admissibility of this evidence on grounds related to the method by which law enforcement officers conducted their investigation of the relevant child pornography website. However, "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Moreover, although the issue of evidence admissibility may impact the risk of nonappearance, as an individual with a perceived meritorious legal defense may be more inclined to remain in the jurisdiction to pursue such challenge in court, the risk of danger to the community would not change based on the availability of a motion to suppress evidence. Accordingly, the Court exercises its discretion to consider the information in question in assessing the risk of danger posed by the defendant's release.

[6] "'TOR' is an acronym for 'the onion router.' The TOR network provides online anonymity to users by bouncing their
(continued...)

C) through use of a network investigative technique, FBI agents obtained the internet protocol address (the "IP address")[7] of a Playpen user bearing the "back_slash" username, who accessed child pornography[8] on the Playpen website between January 2015 and March 2015;

D) FBI agents traced the IP address associated with the user "back_slash" to an account registered to the defendant at his residence in Albemarle, North Carolina;

E) FBI agents obtained a search warrant for the defendant's residence;

F) upon executing the search warrant, FBI agents seized (i) a computer containing child pornography and evidence of Playpen access as well as (ii) a thumb drive containing a TOR browser with a link to Playpen;

G) that same day, FBI agents interviewed the defendant, who had not been present during the execution of the search warrant, at the defendant's place of employment; and

---

[6](...continued) communications around a distributed network of relay computers run by volunteers all around the world, thereby masking the user's actual [internet protocol] address which could otherwise be used to identify a user." United States v. Lough, No. 1:16cr18, 2016 WL 4487784, at *1 n.1 (N.D. W. Va. Aug. 25, 2016) (some internal quotation marks omitted).

[7] An IP address is an "identification number[] assigned to every device connected to the Internet." First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 245 (N.D. Ill. 2011).

[8] This child pornography included images of children as young as age three as well as images of violence towards children.

-7-

H) during this interview, the defendant admitted to using a TOR browser to access the Playpen website to view child pornography involving very young children[9] for his personal sexual gratification; and

3) the history and characteristics of the defendant raise the following concerns regarding danger to the community his release would present:

A) the defendant and his girlfriend — his proposed third-party custodian — are parents to a four-month-old child; and

B) the defendant's residence — to which he seeks release — is located less than half a mile away from both an elementary school and a middle school.

Even if the Court assumes that the defendant has rebutted the statutory presumption of detention, the Court nonetheless concludes that the record establishes by clear and convincing evidence that no available release conditions would reasonably assure the safety of the community. In that regard, the Court notes that the evidence tends to establish that the defendant possesses a strong interest in pursuing child pornography of a particularly troubling kind, involving very young children, for his own sexual gratification, which suggests that the defendant's conduct may contain a compulsive aspect that creates a danger of continued pursuit of young children for sexual reasons. The Court further

---

[9] The defendant estimated the age of the youngest child involved in this pornography as six years old.

concludes that the defendant's proposed release plan fails to adequately address this risk.

To begin with, the proposed third-party custodian is the mother of a small child, whom she shares with the defendant. The Court concludes that the proposal to remove the defendant and proposed third-party custodian's infant from their home to the care of another individual, who is not before the Court, inadequately addresses the risk the defendant's release would present. Put simply, the Court possesses an extremely limited ability to monitor and control the infant's presence in the home shared by the defendant and the proposed third-party custodian. Moreover, the proposed third-party custodian works outside the home on a fulltime basis, which would prevent her from closely monitoring the defendant for extended periods of time. This inability to closely monitor the defendant is particularly problematic given the very close proximity of an elementary school. Collectively, these circumstances prevent the defendant's release.

**IT IS THEREFORE ORDERED** that the oral Motion for Detention by the United States is **GRANTED** and the defendant shall be detained pending disposition of the instant charges pursuant to 18 U.S.C. § 3142(e)(1). The defendant is committed to the custody of the United States Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant shall have a reasonable

opportunity for private consultation with defense counsel.  On order of a United States court or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

>             /s/ L. Patrick Auld
>            **L. Patrick Auld**
>      **United States Magistrate Judge**

October 5, 2016

-10-

Case 1:16-cr-00306-NCT   Document 13   Filed 10/05/16   Page 10 of 10